IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN E. JACKSON, SR, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. |
| | : |
| THE URSULINE ACADEMY OF | : |
| WILMINGTON, DELAWARE, INC., | : |
| a Delaware Corporation, | : Jury Trial Demanded |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT

### I. NATURE OF THE CASE

1. This is an action for wrongful termination based upon race and also from retaliation in violation of the Civil Rights Act of 1866.

### II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; 42 U.S.C. § 1981(a), the Civil Rights Act of 1991, Pub.L. No 102-166, 105 Stat. 1071; 28 U.S.C. §§ 1331 and 1337. The cause of action arises under 42 U.S.C. §1981. The claims arose in this judicial district.

### III. THE PARTIES

3. Plaintiff Benjamin E. Jackson, Sr. is a resident of the State of Delaware. He lives in Wilmington, Delaware. He is an African-American and was employed as a maintenance worker with defendant for five years.

4. Defendant The Ursuline Academy of Wilmington, Delaware, Inc. ("Ursuline") is a not for profit secular corporation organized under the Delaware General Corporation Law found in Title 8 of the Delaware Code. It is not organized for any religious purpose whatsoever. It

operates a "private" college preparatory school for grades pre-K through 12. It has more than 100 employees. It is authorized to do business and is doing business in the state of Delaware. It is sued in its corporate capacity.

## IV. THE FACTS

5. Plaintiff was hired in the year 2000 as a maintenance worker. In 2001, he was promoted to a Nighttime Supervisor. He received no performance evaluations during his tenure, but he did receive annual raises.

6. In early January 2005, Victor, a white male and part-time Nighttime Supervisor started employment with Ursuline.

7. In January 2005, Victor inexplicably said to plaintiff, "You better start doing your work." About fifteen minutes later at the Lower School, plaintiff overheard Victor utter a racist slur and say to Mark Baker ("Baker"), a white male, "What's wrong with that n-----r over there?" Plaintiff reported this racial epithet to his boss, James Dean ("Dean"), a white male. Dean told plaintiff to stay away from Victor until Marie Ferrier ("Ferrier"), a white female and business/maintenance manager, returned to the office.

8. Later in January, at a meeting for all the maintenance staff including Ferrier School, President Kenton, Victor, Dean, Baker, Joe Owen, Bernie Barnes, and a woman seated next to Ferrier, Ferrier informed the maintenance staff that Victor was to be their new supervisor. At this meeting, plaintiff stated to those present that he had difficulty working with Victor, because Victor had called him a "N-----r."

9. The school administration did nothing to allay plaintiff's fears concerning Victor.

10. Plaintiff became extremely frustrated that his complaint was ignored, but thought the situation was futile. On or about February 2005, he offered his hand to Victor and asked to start over. Victor took his hand begrudgingly.

11. In early March 2005, plaintiff was told to assist with the set up of an event at the Upper School Cafeteria. He also had his regular work at the Fine Arts Center Pavillion. He needed to have coffee ready for the event, but there was a problem with the electricity, and the breakers kept switching off. Victor came up to him as he was trying to fix the coffee, and abruptly asked whether he had finished cleaning the Fine Arts Center. Plaintiff told him no, that he had not completed the cleaning of the Fine Arts Center yet because he needed to find extension cords to get the coffee ready for the event at 7:00 p.m. The school was always very particular about having events set up properly and on time. Plaintiff explained that he could not be in two places at one time. Victor got angry and said he would talk to Ms. Ferrier.

12. That same evening, plaintiff called Dean. He was upset and said he was "sick and tired of his (Victor's) junk."

13. The next morning, plaintiff was called into the office to speak to School President Keagan. Keagan said that Ms. Ferrier had "heard something in the hall" and that plaintiff needed to be placed on administrative leave until they investigated. Victor was not placed on administrative leave.

14. Approximately one and a half weeks later, plaintiff again was called into the office. President Keagan, Ferrier, Dean, Karen the administrative assistant, and a business manager were present. President Keagan informed him that they had investigated, but he did not discuss the "something in the hall" issue. Instead, he said that they had to let him go because of his criminal background check record. His record showed convictions that were decades or more prior to his being fired. So rather than focusing on what happened in the hallway, defendant searched and found a pretextual reason to fire him.

15. Plaintiff had submitted his criminal background check when he first started his employment. Jane McGonigle, the Human Resources person at the time, called him shortly after

he began employment and told him that his criminal background check would not preclude him from working at the school. He had also brought letters of recommendation from other companies. The school had a complete record of his history, and there were no new criminal charges since his employment. Then suddenly after five years of good service which included a promotion to Nighttime Supervisor, it had become an issue.

16. Plaintiff was discriminated against based on his race and/or in retaliation for complaining about Victor's racist comments. The reason given for his termination is a pretext for discrimination. Any "investigations" conducted by his superiors were a sham which did not include his side of the story and included a search into an irrelevant matter (i.e. previously known prior convictions) which was pretextually used to terminate him. His permanent replacement was not African-American. At no time was his superior reprimanded for using racist language.

17. As a direct and proximate result of this adverse action, plaintiff has suffered lost wages and benefits and other compensatory injuries and damages.

18. Defendant's actions were reckless, intentional, willful and wanton.

### COUNT I- RACE DISCRIMINATION (PRETEXT)

19. Plaintiffs repeats and realleges paragraphs 1 - 18 set out above.

20. Plaintiff is an African-American. He was satisfactorily performing his job. Plaintiff suffered an adverse employment action through the loss of his job while a similarly situated white worker was not disciplined.

21. Any legitimate non-discriminatory reason offered by the defendant for its action is a pretext for intentional discrimination based on race.

22. Plaintiff can demonstrate pretext because any legitimate non-discriminatory reasons offered by the defendant for its actions are unworthy of credence since plaintiff can demonstrate

such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in his employer's proffered legitimate reasons for its actions that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.

23. Alternatively, plaintiff can demonstrate pretext because the natural probative force of all the direct and circumstantial evidence establishes that it is more likely than not that a motivating or determinative cause of the adverse employment action was plaintiff's race.

24. In this regard, historically the defendant treats similarly or comparably situated white employees more favorably than African-American employees in administering discipline because of the difference in their race.

25. Additionally, the defendant conducted an inadequate investigation in that plaintiff was not interviewed regarding the alleged incident in the hallway and defendant seized upon his criminal record as a pretextual means of terminating him. He was placed on administrative leave and discharged due to his race. The other participant, Victor, was not disciplined for using a racial slur. In contrast, he was promoted.

26. Moreover, Plaintiff is unaware of any written criticism of plaintiff found in the employer's personnel files. He had been a dedicated and hard working employee.

27. Furthermore, plaintiff was initially paid approximately $9.00 per hour to start. He later received a raise to approximately $12.50. When he was promoted to Nighttime Supervisor, he was given a raise to $13.25. Baker, a white male, started after plaintiff was promoted, and made $13.25 to start as a maintenance worker.

28. Plaintiff's statutory right to be free of racial discrimination has been denied under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

## COUNT II- RACE DISCRIMINATION (RETALIATION)

29. Plaintiffs repeats and realleges paragraphs 1 - 28 set out above.

30. Plaintiff complained to appropriate supervisors and President Keagan about a co-worker who referred to him using an abhorrent racial slur.

31. The complaint was not investigated. The offender was promoted, and Plaintiff was pretextually terminated only two months after making the complaint.

32. Plaintiff's statutory right to be free from retaliatory actions has been denied under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

**WHEREFORE,** plaintiff prays that the Court:

(a)     Enter judgment against the defendant.

(b)     Enter a declaratory judgement declaring the acts of the defendant to be a violation of plaintiff's statutory rights.

(c)     Enter a judgment against the defendant for compensatory damages, including lost wages, back pay, overtime and benefits, lost pension benefits, future economic loss, front pay, loss of earning capacity, humiliation, embarrassment and injury to reputation.

(d)     Enter a judgment against the defendant for punitive damages.

(e)     Award plaintiff costs, interest, and attorneys' fees for this suit.

(f)     Require such other further relief as the Court deems just and proper under the circumstances.

THE NEUBERGER FIRM, P.A.

*/s/ Thomas S. Neuberger*  *(by MDH*
THOMAS S. NEUBERGER, ESQUIRE   *Del.*
Bar No. 243                    *Bar*
Two East 7th Street            *No.*
Suite 302                      *3295)*
Wilmington, DE 19801
(302) 655-0582
tsn@neubergerlaw.com


MARTIN D. HAVERLY, ATTORNEY AT LAW

*/s/ Martin D. Haverly*
MARTIN D. HAVERLY, ESQUIRE
Bar No. 3295
Two East 7th Street, Suite 201
Wilmington, DE 19801
(302) 654-2255
Martin@HaverlyLaw.com

Attorneys for Plaintiff.


DATED:  February 8, 2007

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Benjamin E. Jackson

## DEFENDANTS
The Ursuline Academy of Wilmington, Delaware, Inc.

(b) County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Martin D. Haverly
Two East 7th Street, Suite 201
Wilmington, DE 19801
(302)654-2255

Thomas S. Neuberger
Two East 7th Street, Suite 302
Wilmington, DE 19801
(302)655-0582

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | X 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Civil Rights Act of 1866, 42 U.S.C. § 1981, wrongful termination due to race and/or retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 2/8/07
SIGNATURE OF ATTORNEY OF RECORD: *Martin D. Haverly*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

____2-8-07____  ____[signature]____
(Date forms issued)   (Signature of Party or their Representative)

____Ben Lougheed____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action