IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN E. JACKSON, SR., | : | C.A. NO.: 07-00071 |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| THE URSULINE ACADEMY OF | : | |
| WILMINGTON, DELAWARE, INC., | : | |
| a Delaware Corporation, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO COMPLAINT

### I. NATURE OF THE CASE

1. No response required of defendant.

### II. JURISDICTION

2. Jurisdiction is admitted.

### III. THE PARTIES

3. Admitted.

4. Defendant denies the allegations that it is not organized for any religious purpose whatsoever and that it is a secular corporation. The remaining allegations set forth in paragraph 4 of the Complaint are admitted.

### IV. THE FACTS

5. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that in 2001 Plaintiff was promoted to a nighttime supervisor. Denied that Plaintiff did not receive performance evaluations during his tenure, to the contrary, his personnel file contains several written warnings and

memoranda critical of his work. Admitted that he received the same standard cost of living raises earned by similarly-situated employees.

6. Denied as stated. Admitted that Victor is a white male and that he was given the title of "supervisor" in January 2005.

7. Defendant is without information or knowledge to determine what is "inexplicable" to Plaintiff. Admitted that Victor was critical of Plaintiff's work habits. Defendant is without information or knowledge to determine what Plaintiff thinks he "overheard Victor utter". It is denied that any racist slur of any kind was uttered by Victor or any other representative of Defendant. Defendant is without information or knowledge to determine what Plaintiff reported to James Dean, or what Dean told Plaintiff. Admitted that Marie Ferrier is a white female and member of the Defendant's administration team. The remaining allegations set forth in paragraph 7 of the Complaint are denied as stated.

8. Admitted that a meeting took place in January 2005. Defendant denies that all those persons named in paragraph 8 of the Complaint were present as Defendant does not even know the identity of some of them. Admitted that at the subject meeting with the maintenance staff, Marie Ferrier advised the staff that Victor was their new supervisor. Admitted that at that time at the subject meeting, Plaintiff advised Marie Ferrier of the alleged racial slur allegedly made by Victor, and that Victor and Mark Baker denied such a remark was made.

9. Denied.

10. Defendant is without information or knowledge to determine whether Plaintiff was "extremely frustrated", the reason for Plaintiff's alleged "frustration", or what he

thought about "the situation". Denied that Victor took his hand begrudgingly. The remaining allegations of paragraph 10 are admitted.

11.     Denied as stated.

12.     Defendant has insufficient information and/or knowledge to determine whether Plaintiff called Dean that evening or to determine what, if anything, was said to Dean if the contact was, in fact, made.

13.     Denied as stated. Admitted that Plaintiff met with President Keegan and that President Keegan told Plaintiff that he would be placed on administrative leave with pay until the Defendant could investigate the incident. Denied that Victor was not placed on administrative leave.

14.     Admitted that Plaintiff met again with the individuals identified herein. Admitted that President Keegan informed Plaintiff that Defendant had investigated; denied that the "incident in the hall" in which Plaintiff verbally threatened and harassed Victor and then met Victor at his car and repeated violent, terroristic threats was not an issue in Plaintiff's termination or was not discussed. Admitted that one of the reasons that Plaintiff was terminated was criminal background, which included violent acts. To the extent, if at all, the remaining allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated.

15.     Admitted that Plaintiff had submitted his criminal background check when he first started his employment with Defendant. Admitted that Jane McGonegal (then the Director of Human Resources) advised Plaintiff that his criminal background would not preclude him from working at the school. Defendant denies receiving any letter of recommendation from other companies pertaining to Plaintiff; it has no knowledge or

3

recollection of receiving such letters and none exist in Plaintiff's personnel file. Defendant is without sufficient information and knowledge at this time to determine if it had the complete record of Plaintiff's criminal background at the time he was hired; Defendant is likewise without sufficient information and knowledge at this time to determine whether there have been any new criminal charges brought against Plaintiff since the start of his employment with Defendant. It is denied that the criminal background "suddenly" became an issue after five years of employment with Defendant; furthermore, it is denied that Plaintiff provided "good service" or was promoted to Nighttime Supervisor as alleged in Paragraph 15 of the Complaint. It is further denied that Plaintiff's criminal background was the sole reason for termination of his employment.

16. To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial. Admitted that Plaintiff's replacement was Hispanic, not African American. Denied that Plaintiff's supervisor used racist language.

17. To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

18. To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

## COUNT I – RACE DISCRIMINATION (PRETEXT)

19.     Defendant incorporates its answers set forth in paragraphs 1-18 above as if set forth fully herein.

20.     Admitted that Plaintiff is African American. Denied that was satisfactorily performing his job. To the extent, if at all, the remaining allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

21.     To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

22.     To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

23.     To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

24.     To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

25.     Denied that Victor used a racial slur. Denied that Defendant had any reason to "discipline" Victor. To the extent, if at all, the remaining allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

26.     Denied as stated.

27. Admitted that Plaintiff was paid $9.00 and hour when he began work in 2000. Admitted that he later received a raise to $12.00 an hour in 2001. Denied that he was promoted to Nighttime Supervisor. Admitted that Plaintiff received a raise to $13.23 in 2003. Denied that Mr. Baker was paid $13.25 an hour to start as a maintenance worker.

28. To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

## COUNT II RACE DISCRIMINATION (RETALIATION)

29. Defendant incorporates its answers set forth in paragraphs 1-18 above as if set forth fully herein.

30. Denied as stated. Admitted only that Plaintiff complained to Marie Ferrier that Victor had uttered a racial slur, that Victor denied having said it, that Mark Baker denied having heard it, and that later Plaintiff stated he was mistaken in what he heard.

31. Denied that the complaint was not investigated. Denied that Victor was an "offender". To the extent, if at all, the remaining allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

32. To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied as stated, and strict proof thereof is demanded at trial.

WHEREFORE, Defendant demands judgment in its favor and dismissal of Plaintiff's Complaint with costs and attorney's fees assessed against the Plaintiff.

## ADDITIONAL DEFENSES

33.   Plaintiff has failed to state a claim upon which relief may be granted.

34.   Plaintiff's Complaint fails for insufficiency of process.

35.   Plaintiff's Complaint fails for insufficiency of service of process.

36.   Plaintiff has failed to state a *prima facie* claim for race discrimination (pretext).

37.   Plaintiff has failed to state a *prima facie* case for racial discrimination (retaliation).

38.   Plaintiff's race was neither a determining factor nor a motivating factor in Defendant's decision to terminate Plaintiff's employment.

39.   Defendant exercised reasonable care to investigate, prevent and/or correct promptly any allegations of inappropriate behavior.

40.   Defendant reserves the right to adopt additional defenses to the extent warranted by the discovery process.

                    **BIFFERATO GENTILOTTI LLC**

                    /s/ James E. Drnec
                    Vincent A. Bifferato, Esquire (DE I.D. #2465)
                    James E. Drnec, Esquire (DE I.D. #3789
                    800 N. King Street, Plaza Level
                    P.O. Box 2165
                    Wilmington, DE 19899-2165
                    (302) 429-1900
                    *Attorney for Defendant*

Dated: April 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN E. JACKSON, SR., | : | C.A. NO.: 07-00071 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| THE URSULINE ACADEMY OF | : | |
| WILMINGTON, DELAWARE, INC., | : | |
| a Delaware Corporation, | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, James E. Drnec, Esquire, hereby certify that a true and correct copy of the attached Answer to Complaint was served via electronic mail this 24th day of April, 2007 upon the following:

Martin D. Haverly, Esquire
Two East 7th Street, Suite 201
Wilmington, DE 19801

**BIFFERATO GENTILOTTI LLC**

   /s/   James E. Drnec
James E. Drnec, Esquire
Delaware State Bar No.: 3789
800 N. King Street, Plaza Level
P.O. Box 2165
Wilmington, DE 19899-2165
(302) 429-1900
*Attorney for Defendant*